

IN THE

# Court of Appeals of Indiana

Jaylin J. Smith,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*



FILED

Dec 06 2024, 9:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

December 6, 2024

Court of Appeals Case No.
24A-CR-204

Appeal from the Tippecanoe Superior Court

The Honorable Steven P. Meyer, Judge

Trial Court Cause No.
79D02-2106-F2-000021

**DeBoer, Judge.**

## Case Summary

[1] After an extensive police investigation involving a confidential informant and several controlled buys of heroin and fentanyl, Jaylin J. Smith was convicted of Level 2 felony Conspiracy to Commit Dealing in a Narcotic Drug,[1] Level 6 felony Obstruction of Justice,[2] and Level 6 felony Maintaining a Common Nuisance.[3] Smith presents one issue on appeal, which we restate as whether the trial court abused its discretion by denying Smith's motion to exclude evidence or, alternatively, to continue the trial, as a sanction for late discovery disclosures. We affirm.

## Facts and Procedural History

[2] In May and June of 2021, a confidential informant engaged in a series of controlled buys of heroin and fentanyl from Smith and his co-conspirator in Lafayette, Indiana. After Smith's arrest, officers searched an apartment which

---

[1] Ind. Code § 35-48-4-1(a)(2); -1(e)(1)

[2] I.C. § 35-44.1-2-2(a)

[3] I.C. § 35-45-1-5(c)

Smith had been observed to enter and exit, and discovered more than 100 grams of heroin, 3 grams of cocaine, and 2 digital scales. An additional 91 grams of heroin was later found at Smith's co-conspirator's residence.

[3] The State charged Smith with Level 2 felony Conspiracy to Commit Dealing in a Narcotic Drug, six Counts of Level 3 felony Dealing in a Narcotic Drug within 500 Feet of a School, Level 2 felony Dealing in a Narcotic Drug in Excess of 10 Grams, Level 3 felony Possession of a Narcotic Drug, Level 4 felony Dealing in Cocaine, Level 6 felony Possession of Cocaine, Level 6 felony Obstruction of Justice, and Level 6 felony Maintaining a Common Nuisance. The trial was delayed for defense continuances twice, by the parties' agreement three times, and due to court congestion three times. During these continuances, Smith changed counsel three times, with his final trial counsel entering her appearance on August 4, 2023. Smith's jury trial was scheduled to begin on December 11, 2023. Three days before trial, on Friday, December 8, 2023, Smith filed a motion to continue or exclude evidence, claiming that on that same date, the State had provided him with "substantial additional discovery including, but not limited to, 11 additional videos." *Appellant's App. Vol. 2* at 142. On the morning of trial and prior to the selection of the jury, the trial court addressed Smith's motion. The State informed the court that the recently provided evidence of 11 videos detailing Smith's arrest, and 36 photographs of the currency used in the transactions and seized from Smith, had been disclosed to Smith's prior counsel and that this evidence had been

available for download "via evidence.com" for 180 days. *Tr. Vol. 2* at 39. The State acknowledged that after that period, new links would have to be requested. In this case, the State had "reshared those links" with Smith's final trial counsel when preparing for the pretrial conference. *Id.* Following the State's representations, the trial court denied Smith's request to continue the trial or to exclude the evidence.

[4] On the second day of trial, following *voir dire*, Smith again moved to "exclude any of the exhibits that were submitted to [him] on Friday, December 8th." *Id.* at 186. Smith insisted the State identify the evidence provided "on Friday so [he] can make a specific objection to exclude those." *Id.* The State confirmed that "these are all exhibits that were disclosed in discovery." *Id.* at 185. The trial court again denied Smith's motion but noted Smith's continuing objection to the exhibits' admissibility.

[5] Prior to the State presenting the photographs, Smith objected and asked the court to exclude the State's photographs of the money used by the confidential informant and seized from Smith, claiming the evidence was belatedly disclosed. The State again explained it had shared the evidence electronically in a link provided to Smith's prior counsel and had reshared the link with Smith's final trial counsel the Friday prior to trial. Smith's counsel conceded she did not know whether Smith's prior counsel had received the link. The State clarified that the photographs of the currency had also been "documented in multiple supplemental reports that were provided to defense counsel" and

pointed to a specific report that had been included in the State's "initial discovery" to Smith's first trial counsel. *Tr. Vol. 4* at 84, 86. The trial court admitted the evidence over Smith's objection, finding that "the police were in possession of the photos that matched some of the [] buy money [and that] appears to have been disclosed in previous police reports. So that information was available. The newest part is the actual photos. But I don't see that as prejudicial . . . since the information itself was [] disclosed in prior discovery." *Id*. at 87. Looking through his previous counsel's file, Smith's counsel observed the police report was not included in the file but instead a note had been attached to the State's initial discovery list that the police report was missing from the documents the State had provided. The State told the trial court that Smith's prior counsel had not advised the State the report was missing from the disclosed documents. Concluding that its "ruling stands," the trial court inquired with Smith's counsel, "if you received this from [prior counsel], and if that notation was in there, . . .[d]id you ever file a follow-up with the State?" *Id*. at 88, 89. Referring to her limited resources, Smith's counsel responded that she had only been on the case for four months.

[6] On January 17, 2024, following the jury trial, the trial court entered convictions for Conspiracy to Commit Dealing in a Narcotic Drug, Obstruction of Justice, and Maintaining a Common Nuisance. Smith was sentenced to an aggregate sentence of 26 years with 20 years executed in the Department of Corrections and six years suspended to probation.

## Discussion and Decision

[7] Smith contends the trial court abused its discretion by denying his motion to exclude the evidence or, alternatively, to continue the trial, based on the late disclosures of the videos and photographs of the money. A trial court has broad discretion to manage discovery, and we presume that the court acted fairly and equitably. *State v. Lyons*, 211 N.E.3d 500, 505 (Ind. 2023). An appellate court will reverse a trial court's ruling on belatedly disclosed evidence only where the trial court has committed clear error resulting in prejudice. *Berry v. State*, 715 N.E.2d 864, 866 (Ind. 1999). "Exclusion of the evidence is an extreme remedy and is to be used only if the State's actions were deliberate and the conduct prevented a fair trial." *Id.* "Five factors guide our review of a trial court's rulings on late disclosed evidence, namely, 'when the parties first knew of the evidence; the importance of the evidence; the prejudice resulting to the opposing party; the appropriateness of a less severe remedy such as a continuance; and whether the opposing party would be unduly surprised and prejudiced by admission.'" *See Luckett v. State*, 223 N.E.3d 1170, 1176 (Ind. Ct. App. 2023) (quoting *Perryman v. State*, 80 N.E.3d 234, 249 (Ind. Ct. App. 2017)).

[8] Despite Smith's claim that the State's evidence was not disclosed until the Friday before trial, the State specifically showed that the officers' possession of the photos matching the money used by the confidential informant to the currency seized from Smith had been disclosed in a report included with the

State's initial discovery, as well as in "multiple supplemental reports that were provided" to Smith's first counsel. *Tr. Vol. 4* at 84, 86. These reports were transferred to Smith's final trial counsel four months before the trial. The State further clarified that the electronic link to the evidence was shared with Smith's prior counsel who was given downloading privileges for 180 days, and re-shared with final counsel that Friday. *See* Indiana Trial Rule 26(A)(3) (Parties may obtain discovery by electronically stored information). Thus, the State disclosed the evidence in hardcopy format to Smith's counsel as soon as it became aware of it, and at the very latest, when it became electronically available at least 180 days before trial. The fact that the transfer of discovery between Smith's past and final trial counsel might not have been flawless has no bearing on whether the State timely provided its discovery to Smith. Although these photographs clearly linked Smith to the controlled buy transactions, they are cumulative to the officers' testimony about Smith's possession of the currency used by the confidential informant, which Smith did not challenge. While Smith now objects to the prejudicial effect that the evidence of large sums of money might have on the jury, "the possession of large amounts of cash is not in and of itself illegal." *See Lewis v. Putnam Cty. Sheriff's Dep't*, 125 N.E.3d 655, 659 (Ind. Ct. App. 2019) (rejecting the argument that "there must be a crime committed in the context of the possession of this much cash"). Despite the less severe remedy of a continuance being advocated for by Smith's final trial counsel, the trial court was within its discretion to deny it. Turning to the final factor of our review, we point out that Smith should not have been

unduly surprised by the evidence because his final trial counsel had received the defense file four months before trial and that file not only contained a specific note about a missing police report she could have requested, but also numerous references to the same evidence provided to Smith in supplemental discovery. Based on the five factors that guide rulings on belatedly disclosed evidence, Smith has not established that a discovery violation occurred, and therefore, the trial court did not abuse its discretion in denying Smith's motion. *See Luckett*, 223 N.E.3d at 1176.

Even if the record could be construed as establishing an untimely disclosure of evidence by the State, exclusion would only be appropriate if the discovery violation "was intentional, flagrant, in bad faith, or otherwise reprehensible[,]" or was meant to unfairly prejudice Smith. *Lyons*, 211 N.E.3d at 506. Smith does not direct our attention to anything in the record demonstrating bad faith or deliberate and prejudicial conduct by the State, nor can we find any such evidence. Rather, the record indicates the State timely and adequately provided Smith with the evidence it intended to introduce at trial. *See Wheeler v. State*, 95 N.E.3d 149, 159 (Ind. Ct. App. 2018) (noting that exclusion of evidence is generally inappropriate where the discovery violation is not deliberate).

## Conclusion

Because the State did not commit a discovery violation, the trial court properly denied Smith's motion to exclude evidence or, alternatively, to continue the trial.

Affirmed.

May, J., and Tavitas, J., concur

ATTORNEY FOR APPELLANT

Timothy Paul Broden
Lafayette, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General
Indianapolis, Indiana

Justin Fredrick Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana